**United States District Court**
For the Northern District of California

1
2
3
4
5
6              IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10   UNITED STATES OF AMERICA,                    No. CR 11-00063 WHA

11              Plaintiff,

12   v.                                           **ORDER DENYING DEFENDANT'S**
                                                  **MOTION FOR DISCLOSURE OF**
13   ISIAIN JOHNSONMARIN,                         **INFORMANT AND *BRADY***
                                                  **INFORMATION AND DENYING**
14              Defendant.                        **WITHOUT PREJUDICE MOTION FOR**
                                                  **DISCOVERY OF ALL COMPUTER**
15   _____/            **AIDED DISPATCH INFORMATION**

16

17          Defendant has filed a motion to suppress and an evidentiary hearing has been set for June

18   3, at 1:30 p.m.  Preceding the motion hearing yesterday, defendant filed a pair of discovery

19   motions.

20          *First*, defendant moves "for disclosure of informant and *Brady* information."  Defendant

21   argues that the SFPD officers who searched defendant and his car on the date of the charged

22   offense must have known that there was a gun in the car from a confidential informant, otherwise

23   they would not have searched a car, as they did so — defendant argues in his motion to suppress

24   — otherwise without probable cause.  Defendant moves for an order requiring the government to

25   disclose the identity and location of any confidential informant, all communications between the

26   informant and the government in the course of its investigation, and all exculpatory and

27   impeachment information about the informant, pursuant to FRCrP 16 and *Brady* and its progeny.

28          "Prosecutors must turn over *Brady* materials when the prosecutors have knowledge of and

     access to the documents sought by the defendant."  *United States v. Shryock*, 342 F.3d 948, 983

United States District Court

For the Northern District of California

1    (9th Cir. 2003) (citation omitted).  *Brady* is a self-executing responsibility on the part of the

2    government.  It is up to the government to identify and disclose *Brady* evidence to the defense in

3    time for effective use.  Defendant's motion is therefore **DENIED**, for there is no need for a court

4    order to require compliance with *Brady* obligations, which would include disclosure of the

5    existence of a confidential informant.  *See Thomas v. Goldsmith*, 979 F.2d 746, 749–50 (9th Cir.

6    1992) (*Brady* obligation includes advising whether exculpatory evidence *exists*).  The decisions

7    cited by defendant concerning disclosure of the identity of an informant once one is known to

8    exist are inapposite, as that is not our situation here.

9         *Second*, defendant moves "for discovery of all computer aided dispatch information."

10   Defendant argues that a copy of a written computer aided dispatch — a summary of radio calls

11   between officers in the field and a San Francisco Department of Emergency Management

12   dispatcher — produced by the government is "lacking in details that are normally found in a

13   Written CAD."  On this basis, defendant moves pursuant to FRCrP 16 for an order that the

14   government must produce any and all Written CAD or Audio CAD materials that relate to this

15   case.

16        FRCrP 16(a)(1)(E) states, "the government must permit the defendant to inspect and to

17   copy or photograph [documents and objects] if the item is within the government's possession,

18   custody, or control and: (i) the item is material to preparing the defense; (ii) the government

19   intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to

20   the defendant."  *See also United States v. Gatto*, 763 F.2d 1040, 1047–49 (9th Cir. 1985) (holding

21   that the "triggering requirement . . . is that the . . . objects be in the actual possession, custody or

22   control of the government").  Defendant makes no showing that any Written CAD or Audio CAD

23   materials that have not already been produced are in the government's possession, custody, or

24   control.  Therefore, this motion is **DENIED WITHOUT PREJUDICE** to any future motion that makes

25   such showing or to an application to subpoena further records from the San Francisco Department

26   of Emergency Management concerning Written CAD or Audio CAD materials or a motion to

27   compel based on such subpoena.

28

The disposition of these motions is without prejudice to any motions preceding the evidentiary hearing to compel discovery from the government, or the SFPD or some other agency pursuant to subpoena.  Counsel are again reminded of their obligation to meet and confer regarding discovery pursuant to Criminal Local Rule 16-2.

**IT IS SO ORDERED.**

Dated:  May 11, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3